IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODNEY CURTIS,**

      **Petitioner,**

**CASE NO. 2:20-CV-367**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss, Petitioner's Traverse, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED** and that this action be **DISMISSED**.

### I.    BACKGROUND

Petitioner challenges his October 5, 2015 convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on charges of illegal use of a minor or impaired person in nudity-oriented material or performance. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶2} Curtis was indicted on or about March 18, 2015, on 63 counts of Illegal Use of Minor in Nudity Oriented Material or Performance, each a felony of the second degree and 11 counts of Sexual Battery, each a felony of the third degree. He retained counsel to represent him.
>
> {¶3} On or about October 5, 2015, Curtis entered a negotiated plea guilty to counts 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 64, 68, and 74. In exchange for his plea, the state dismissed the remaining 61 counts.
>
> {¶4} On November 23, 2015, Curtis was sentenced to an aggregate prison sentence of eleven years.FN1 Curtis did not file a direct appeal, though he

> attempted to file a delayed appeal on November 23, 2016. This Court denied Curtis' motion to file a delayed appeal by Judgment Entry filed January 3, 2017 in Case No. 16-62.
>
> FN1:  Curtis received seven year sentences on Counts 2, 3, 5, 6, 9, 11, 12 and 13, concurrent to one another; Curtis received 48 month sentences each on Counts 64, 68 and 74, concurrent to one another, but consecutive to the seven year sentences. See, Judgment Entry filed Dec. 4, 2015, Docket Number 60.
>
> {¶5} On November 23, 2016, Curtis also filed a Petition for Post-Conviction Relief in the trial court. On February 13, 2018, the trial court issued a seven-page entry denying Curtis' petition for post-conviction relief. This Court affirmed the trial court's decision. *State v. Curtis*, 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822 ["*Curtis I*"].
>
> {¶6} On November 8, 2018, Curtis filed a Motion for Successive Post-Conviction relief. On December 7, 2018, the trial court overruled Curtis' motion.

*State v. Curtis,* 5th Dist. No. CT2-19-0001, 2019 WL 2647581, at *1 (Ohio Ct. App. June 26, 2019).  On June 26, 2019, the appellate court affirmed the trial court's judgment.  On October 15, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  *State v. Curtis,* 157 Ohio St.3d 1441 (Ohio 2019).

On January 9, 2020, Petitioner executed this habeas corpus petition.  (ECF No. 1, PAGEID # 18.)  He asserts that he was denied the effective assistance of trial counsel (claims one and two); prosecutorial misconduct (claim three); and that he was denied his right to appeal because neither the trial court nor his attorney advised him of his right to appeal (claims four and five).  It is the Respondent's position that this action should be dismissed as barred by the one-year statute of limitations.

## II.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.  28 U.S.C. § 2244(d).  The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Here, under the provision of 2244(d)(1)(A), Petitioner's judgment of conviction became final on January 4, 2016, when the time period expired to file a timely appeal.[1] The statute of limitations ran for 323 days, until November 23, 2016, when Petitioner filed his first petition for post-conviction relief. Presuming, to the Petitioner's benefit, that those proceedings tolled the running of the statute of limitations until August 31, 2018 (the date that Petitioner indicates that the Ohio Supreme Court dismissed his post conviction appeal, *Petition*, ECF No. 1, PAGEID # 3), the statute of limitations began to run on the following day, and expired 42 days later, on October 13, 2018. Petitioner, however, waited more than one year and two months, until January 9, 2020, to execute this habeas corpus petition. (PAGEID # 18.) His November 8, 2018 successive post-conviction petition did not toll the running of the statute of limitations. *See*

---

[1] January 3, 2016, fell on a Sunday.

*Jones v. Shoop*, No. 2:19-cv-1849, 2019 WL 2089804, at *5 (S.D. Ohio May 13, 2019) (citing *Payne v. Moore*, No. 5:15-cv-821, 2016 WL 703721, at *4-5 (N.D. Ohio Jan. 22, 2016) (citing *Pace v. DiGuglielmo*, 433 U.S. 408, 417 (2005); *Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012)). Petitioner's April 2019 motion for a delayed appeal likewise did not toll the running of the statute of limitations, because the statute of limitations had already expired when he filed that motion. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner instead maintains that neither the trial court nor his attorney advised him of his right to appeal. If a prisoner does not know about, and was not advised of, his right to appeal, his habeas petition may be timely under § 2244(d)(1)(D) if he acted with reasonable diligence in learning about his right to appeal. *See Holmes v. Warden, Lebanon Corr. Inst.*, No. 16-477, 2017 WL 889010, at *2 (6th Cir. Dec. 27, 2017) (citing *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). The record, however, does not support Petitioner's assertion. To the contrary, on October 5, 2015, Petitioner signed a guilty plea form indicating that he understood his right to appeal and that he must file an appeal within thirty days. (ECF No. 6, PAGEID # 57.) Moreover, the trial court advised Petitioner, at the time of entry of his guilty plea, that he had the

4

right to appeal within thirty days.  Petitioner indicated that he understood.  (*Transcript,* ECF No. 6, PAGEID # 366.)  In his motion for a delayed appeal, Petitioner indicated that he requested his attorney to file a notice of appeal at sentencing, but Petitioner discovered, on January 22, 2016, that his attorney had failed to do so.  He attempted to obtain assistance from the public defender, but they would not assist him in filing an appeal.  (PAGEID # 70-71.)  Petitioner nonetheless waited approximately ten months, until November 2016, to file a motion for a delayed appeal.  (*Id.*)  Under these circumstances, Petitioner cannot obtain a delayed start-date for the running of the statute of limitations under § 2244(d)(1)(D).

This action must therefore be dismissed as untimely.

## III.    DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED** and that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
