IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODNEY CURTIS,**

    **Petitioner,**

    **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:20-CV-367
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On July 17, 2020, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's Motion to Dismiss (ECF No. 7) be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).  (ECF No. 13.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 18.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's Objection (ECF No. 18) is **OVERRULED**, the Report and Recommendation (ECF No. 13) is **ADOPTED** and **AFFIRMED,** Respondent's Motion to Dismiss (ECF No. 7) is **GRANTED**, this action is **DISMISSED**, and the Court **DECLINES** to issue a certificate of appealability.

On October 5, 2015, Petitioner pleaded guilty in the Muskingum County Court of Common Pleas to charges of illegal use of a minor in nudity oriented material or performance and sexual battery.  On November 23, 2015, the trial court sentenced him to eleven years' incarceration.  Petitioner did not file a timely appeal.  One year later, on November 23, 2016, he filed a motion for a delayed appeal.  The appellate court denied the motion for a delayed appeal.

Petitioner also unsuccessfully pursued post-conviction relief.  On January 9, 2020, he executed this pro se habeas corpus petition asserting the denial of the effective assistance of counsel, prosecutorial misconduct, and that he was denied the right to appeal because neither the trial court nor his attorney advised him about his right to appeal.  The Magistrate Judge recommended dismissal of the case as time-barred.

Petitioner objects to the Magistrate Judge's recommendations.  Petitioner argues that the Court should equitably toll the running of the statute of limitations because the trial court failed to advise him of his right to appeal at his sentencing hearing.  According to the Petitioner, this action therefore is timely regardless of whether Petitioner knew about his right to appeal.  These arguments fail.

Equitable tolling of the statute of limitations should be applied sparingly in habeas corpus cases.  *Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir.  2011).  In order to obtain equitable tolling of the statute of limitations, a petitioner must establish that he has diligently pursued relief and that some extraordinary circumstance prevented his timely filing.  *Holland v. Florida*, 560 U.S. 641, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The petitioner bears the burden of demonstrating that equitable tolling should be applied.  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).  The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Where the party failed to exercise due diligence in preserving his legal rights, courts are much less forgiving.  *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003).  A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law

library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Further, "[a] state court's failure to inform a petitioner of his appellate rights does not in and of itself justify equitable tolling of the AEDPA statute of limitations." *McFarlane v. Shoop*, No. 2:18-cv-1377, 2018 WL 630250, at *3 (S.D. Ohio Dec. 4, 2018) (citing *Patrick v. Bunting*, 1:15-cv-628, 2015 WL 10488878, at *9 (N.D. Ohio Dec. 29, 2015) (internal citation omitted). Where a criminal defendant is not advised of and does not know of his right to appeal, claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted reasonably diligently in learning about his right to appeal. *DiCenzi v. Rose*, 452 F.3d 465, 470-71 (6th Cir. 2006) (citing *Wims v. United States*, 225 F.3d 186 (2nd Cir. 2000)). The Court construes *DiCenzi v. Rose* in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of diligence. *McFarlane,* 2018 WL 630250, at *3. Thus, a petitioner "must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *Id*. (quoting *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *5 (S.D. Ohio Aug. 29, 2016)). Petitioner cannot meet this burden here.

The record indicates that Petitioner knew about his right to appeal and the thirty-day time limit for filing an appeal at the time of the entry of his guilty plea. Petitioner signed a guilty plea form indicating that he understood his right to appeal and the thirty day time limit for filing an appeal. The trial court also advised Petitioner at his guilty plea hearing that he must file an

appeal within thirty days.  (ECF No. 6, PAGEID # 57; *Transcript*, ECF NO. 6, PAGEID # 366.)  Additionally, Petitioner acknowledged in his motion for a delayed appeal that he knew about his right to appeal at sentencing.  He stated that he learned in January 2016 that his attorney had not filed a notice of appeal.  Petitioner nonetheless waited until November 2016 to file a motion for a delayed appeal.  (PAGEID # 70-71.)  The statute of limitations expired, at the latest, in October 2018.  Still, Petitioner waited until January 2020 to execute this habeas corpus petition.  The record does not indicate that Petitioner acted diligently in pursuing his rights.  It provides no basis for application of equitable tolling of the statute of limitations, particularly for the time period at issue here.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 18) is **OVERRULED**, the Report and Recommendation (ECF No. 13) is **ADOPTED** and **AFFIRMED**, Respondent's Motion to Dismiss (ECF No. 7) is **GRANTED**, and this action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that)

4

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as time-barred.  The Court therefore **DECLINES** to issue a certificate of appealability and **CERTIFIES** that any appeal would not be taken in good faith such that any application to proceed *in forma pauperis* on appeal must be **DENIED.**

    **IT IS SO ORDERED**.

> s/Edmund A. Sargus, Jr. 9/24/2020
> **EDMUND A. SARGUS, JR.**
> **UNITED STATES DISTRICT JUDGE**