IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY CURTIS,

      Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:20-CV-367
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is now before the Court for consideration of Petitioner's Motion for Reconsideration (ECF No. 21), brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the Motion for Reconsideration (ECF No. 21) is **DENIED**.

On September 24, 2020, Judgment was entered dismissing this action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 20.) In support of his Motion for Reconsideration, Petitioner relies upon *United States v. Rodriguez,* No. 15-cr-00547-JD-10, 2020 U.S. Dist. LEXIS 1521 (N.D. Cal. Jan. 3, 2020). *Rodriguez* held that the presumption of prejudice attributable to an attorney's failure to file an appeal, as recognized in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), applies even where the defendant has waived his right to appeal under the terms of his guilty plea. *See id*. at *6 (citing *Garza v. Idaho*, ––– U.S. –––, 139 S.Ct. 738 (2019). Neither *Rodriguez* nor *Garza* persuade the Court to reach a different result.

A motion to alter or amend judgment may be filed under Rule 59(e) within 28 days of the entry of judgment where there exists "(1) a clear error of law; (2) newly discovered evidence; (3)

an intervening change in controlling law; or (4) a need to prevent manifest injustice." *CitiMortgage, Inc.,* No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'"  *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).  "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier."  *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475.  Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim.  *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected.  *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)).  "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'"  *Id*. (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

Petitioner challenges his October 5, 2015 convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on charges of illegal use of a minor or impaired

2

person in nudity-oriented material or performance. He asserts that he was denied the effective assistance of trial counsel, denied a fair trial due to prosecutorial misconduct, and that he was denied his right to appeal because neither the trial court nor his attorney advised him of his right to appeal. However, Petitioner failed to act diligently in pursuing his rights. Although he knew in January 2016 that his attorney had not filed a notice of appeal, he waited until November 2016 to file a motion for a delayed appeal. Moreover, as discussed, the statute of limitations expired, at the latest, in October 2018. Petitioner nonetheless waited until January 2020 to execute this habeas corpus petition. Therefore, the action plainly is time-barred. Neither counsel's alleged ineffectiveness in failing to file the notice of appeal, nor the holding in *Garza*, impacts this determination.

Because Petitioner has presented no basis warranting relief from final judgment of dismissal of this case, his Motion for Reconsideration (ECF No. 21) is **DENIED**.

**IT IS SO ORDERED**.

s/Edmund A. Sargus, Jr. 11/18/2020  
EDMUND A. SARGUS, JR.  
UNITED STATES DISTRICT JUDGE