IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY CURTIS,

    Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-367
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On September 24, 2020, Judgment was entered dismissing this action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  (ECF No. 20.)  On November 18, 2020, the Court denied Petitioner's motion for reconsideration.  (ECF No. 22.)  On February 22, 2021, Petitioner filed a Notice of Appeal.  In a letter dated February 18, 2021, Petitioner indicates that he submitted the Notice of Appeal with prison officials for mailing on December 3, 2020.  (ECF No. 24, PAGEID # 515-16.)  Petitioner has filed a motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal.  (ECF No. 23.)

An appeal must be filed within thirty days after entry of judgment of the order being appealed.  Fed. R. App. P. 4(a)(1)(A).  Under the prison mailbox rule, a filing will be considered timely "if it is deposited in the institution's internal mail system on or before the last day for filing."  *Gamble v. Robinson*, No. 20-3278, 2020 WL 5353294, at *1 (6th Cir. June 15, 2020) (citing Fed. R. App. P. 4(c)(1)).  "A prisoner can establish timely filing of a notice of appeal under the prison mailbox rule by providing a notarized statement or a declaration under penalty of perjury stating the date on which the document was given to prison authorities and attesting that the postage was prepaid, or by providing other evidence, such as a postmark or date-stamp,

showing that the notice was deposited timely and the postage prepaid." *Id*. (citing Fed. R. App. P. 4(c); *United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016)).  Petitioner has failed to do so here.  Moreover, the timing requirements for the filing of an appeal "are mandatory jurisdictional prerequisites that generally may not be waived."  *Young v. Kenney*, 949 F.3d 995, 996 (6th Cir. 2020) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).  A party seeking to extend the deadline or reopen the time to file an appeal on the basis of excusable cause or neglect must file a motion requesting such relief in the district court no later than 30 days after the expiration of the thirty-day time period for filing the appeal.  *See Pennebaker v. Rewerts*, No. 17-12196, 2021 WL 267782, at *4 (E.D. Mich. Jan. 27, 2021) (citing Fed. R. App. P. 4(a)(5)(A); *Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015)).  Thus, even liberally construing Petitioner's letter as a request for an extension of time, *Young v. Kenney,* 949 F.3d at 997 ("district courts must liberally construe a document that could reasonably be interpreted as a motion for an extension of time to file a notice of appeal or a motion to reopen the time to file an appeal"), it is untimely.

       Therefore, Petitioner's motion for a certificate of appealability is **DENIED.**

       The Court **CERTIFIES** the appeal is not in good faith and therefore **DENIES** the request to proceed *in forma pauperis* on appeal.

       **IT IS SO ORDERED**.

                                       s/Edmund A. Sargus, Jr. 3/5/2021
                                       EDMUND A. SARGUS, JR.
                                       UNITED STATES DISTRICT JUDGE